All right, Ms. Golston, you may be seated. Ms. Wall-Wolf, you've reserved three minutes for rebuttal, so that gives you seven to begin. You may proceed. Good morning, Your Honors, and may it please the Court. My name is Megan Wall-Wolf, and I represent Joshua Golston. There are three issues in this appeal. Today I'd like to focus on two of them, the Speedy Trial Act violation and the government's misconduct during rebuttal summation. The government's misconduct during rebuttal summation. So first, the government violated the Speedy Trial Act when it indicted Mr. Golston 12 days after the clock had expired, which means it shall be dismissed under Section 3162A. The facts are not in dispute here. The only question is whether the government's ex parte email to the duty magistrate's chambers told the Speedy Trial Clock under Section 3161H. Which turns on whether that was a motion, right? Whether it was filed, Your Honor. Whether the government filed a motion. Correct. You're not disputing that it's a motion. I just want to be clear. We are not disputing that it is a motion. So the only question is whether it was filed. That's correct, Your Honor. Yes. So a prosecutor's ex parte email does not count as a filing under that statute. It was never submitted to the magistrate judge. Just to complete the background, there's no question but that defense counsel agreed to the tolling. No, Your Honor. There's no question about that. Defense counsel did consent to the tolling, although Mr. Golston did not consent to the tolling. But that doesn't impact whether or not it counts as a filing. So the government never got a response. What are the magic steps for filing? It has to be submitted to, actually submitted to the judge, Your Honor. So in this case. Well, it says there's changes. So the problem here is that it was an ex parte email that we know never made it to the judge. And we know that. Well, wait a minute. So if something comes to my chambers and the clerk or the judicial assistant doesn't get it to me, it's not been filed? Well, it depends on how it comes to your chambers, Your Honor. The judge declined to rule on it because it was unsigned. That's correct, Your Honor. Not because she didn't know about it. Not because it didn't come to her attention. So if you look at A83, you see the deputies email back to the government two months later. This is after the clock has run, after the case has been assigned to a district judge, well after. And the deputy explains, I'm so sorry, law clerks handle the paperwork in our chambers. And then she indicates that she's going to get it before the judge. The judge then emails later that day back to the government and explains that she can't sign the order because the order wasn't, the motion was not signed by the AUSA. She also critically refuses to backdate the order. Well, that's fine. But whether it's backdated doesn't mean it wasn't filed. Well, Your Honor. But if the judge refuses to sign it non-pro-tunc, it has nothing to do with whether it was filed. So you seem to be making a very technical argument that because it went to a clerk and it withered, that it wasn't filed. And I guess I don't see anything in our case law or in the rule itself, the law, to suggest that that's required. Well, Your Honor, it is required to be filed to toll the time. So the question here is whether on the date of the, whether on the date that the government originally sent its ex parte email, whether that date told the time. Because the Speedy Trial Act is a technical act, and it does have very strict time requirements. No, no. I agree with all that. The time requirements are very strict. The issue is whether you need to file something on ECF or whether you have to get a time stamp and put in the court mailbox or whether sending something via email to the judge's chambers is sufficient for filing. That's correct, Your Honor. That is precisely the question here. Isn't the case law clear that if someone says to the judge orally, we move for this, that's the filing of the motion? That is correct, Your Honor. Regardless of whether somebody screws up and fails to note it on the docket or whatever, the motion has been made. That's a very good point, Your Honor. So if the judge organizes things in chambers so that she delegates to the clerks to handle things that come into the chambers, motions that come into the chambers, that's different? That when the judge delegates to the clerk that the clerk will do certain things, and the clerk fails to tell the judge that that's not a motion, that's not a filed motion? So in the case of an oral application made to the judge, that would happen on the record at a hearing. And court filings are not just regular correspondence. What if it's made in the roping room and with no reporter present? In that case, the applicant knows that the judge has received it because they make it orally to the judge. The rules require that motions be filed on ECF for a reason. So are you saying it's got to be on ECF? No, no. Are you saying that it really ought to now go to the judge's personal e-mail address? We have a — sorry. Excuse me. That it should go to the judge's personal e-mail address to ensure that the judge sees it? Because that can't be right, can it? No, that's not what I'm arguing. I'm saying that under the case law, we have case law that says that an oral application is sufficient. That is received by the judge. No question about that. No question. There's a hard copy delivered to chambers is sufficient. What if, as Judge Sullivan says, what if the thing is e-mailed to the judge's personal e-mail? Is that a motion? If the judge confirmed receipt that they received it. Oh, the judge has to confirm receipt? It has to be filed in a way that sufficiently tells the statute. If it goes — if an e-mail is sent to the judge's personal e-mail, is that filing a motion? It depends on whether the judge receives it, Your Honor. The problem with e-mail is that there are technical times when it is not delivered. The case law does differentiate between a hard copy delivered to chambers in the normal course, an oral application made during a hearing. Those both count. There's filing on the docket. What's the difference between a hard copy delivered to chambers that might be waylaid by a clerk and put under a pile and the judge never saw, and an e-mail sent to the chamber's e-mail address that might also be waylaid by a clerk and never get to the judge's eyes? Well, because the procedures are different. When hard copies are delivered to chambers, there is a very clear procedure and chambers know this is a motion or an application that needs to be dealt with. How do we know what the procedures in chambers are for written material? Well, presumably, Your Honor, the judge has specific ways of dealing with to ensure that a hard copy document would be received. Presumably, the judge has the same requirements and protocols for an e-mail to chambers. Yes, Your Honor. But in this case, this is why e-mail is a separate category. And the facts here are unprecedented. So the government knew that it didn't have a signed order of continuance. It took no steps to go back and make sure it was received. And then two months later, it realized it never got that signed order. And so it went back to the magistrate judge. It didn't go to the district court to alert them to the fact that the tolling had not happened. It went back to the magistrate judge to try to get that order signed after the fact. The magistrate judge confirmed in the record that she was seeing it for the first time and that she couldn't sign it because the original application was unsigned. And so she would not toll the clock. She would not backdate the order. She did not consider it to be told and admitted to the government. But the fact that she wouldn't sign it doesn't mean that it wasn't a filed motion. I mean, in other words, imagine it was done on ECF and it wasn't signed. And the judge said, I'm not authorizing this. If it's not signed, I'm not going to sign it. That would be the same problem in terms of getting the judge to put her signature on it. But it seems to me that we're dealing with a filing problem. And you're not quibbling with the filing in the second scenario, right? You're not saying that an unsigned document from the government that was filed via ECF would not be filed. That's correct, Your Honor. If the government filed something on ECF but failed to sign it and the judge made them file it again or refused to sign it for that reason, it would still count as a filing under the statute. But that's because it was actually submitted to the judge. That is the critical distinction here. When the government sent an ex parte e-mail to the magistrate judge's chambers, it wasn't actually received by the judge. And we know that from the record. Look, there's a lot. I mean, I don't want to— You're about to make a confession. There's a lot of stuff that comes into our chambers by—I guess my chambers by e-mail that I may not see. Your Honor, that may be true. But court filings are serious. They are different. And under the Speedy Trial Act, when something is filed, it needs to rise to a higher threshold than just being e-mailed. So you're asking us to interpret— We get summaries of activity in the SAO office. I mean, I don't read those. You're asking us to interpret the rule in a manner where the result would be, and this is what you're asking for, that after there have been all kinds of proceedings in the case and the case has been tried and the defendant has been found guilty, after the fact, the court would be compelled to rule that there has to be a new trial because the court was late by two days, three days, five days. I'm not the court. The government was late by a few days in filing the indictment. Under your interpretation of the rule, there has to be now a new trial several years later. Does that make any sense? Shouldn't we seek an interpretation of these rules of what is filing and what is not filing in a manner that's designed to prevent ridiculous results, like requiring a retrial of something that's all been tried perfectly, just because we accept your argument that something that's been given, sent to the judge's clerks is not deemed filed, even though if it had been submitted to the clerks in hard copy, it would be deemed filed? So, Your Honor, I understand your question. I think that goes to the prejudice analysis of whether the indictment should be dismissed with or without prejudice. But the act — The Supreme Court has ruled that there's no such thing as harmless error when it comes to the Speedy Trial Act. Now, regardless of the merits of that ruling, it was by the Supreme Court. And so it says, if we accept your interpretation of the rule, it means that where there's been a spotless, beautifully conducted trial that resulted in a conviction, it's going to have to be tried over again three years later. Well, you're not asking for a retrial. You're asking for an outright dismissal in which the judgment is vacated and that's the end of the story, right? That's worse. The indictment should have been dismissed with prejudice, yes, Your Honor, and that's because of the conduct of the government under the indictment analysis. Excuse me, under the dismissal analysis, under the statute.  With prejudice, yes. I think this falls into the pattern of conduct that this Court has ruled warrants a dismissal with prejudice. And that's because of the government's conduct after it learned of the speedy trial violation. And, Your Honor, there was a speedy trial violation. Well, only if an e-mail to Chambers is not a filing, because you're conceding it was a motion, signed or unsigned. And so the only issue is whether an e-mail to Chambers is different than hard snail mail to Chambers, right? That's correct, Your Honor. It hinges on whether the ex parte e-mail to Chambers constituted a filing. Yes. And instead of an e-mail, it's been a written document slipped under the door. Would that have been fine? No, Your Honor. It would not have because it doesn't – because under the case law, that would not qualify as a filing because it does not alert Chambers to the seriousness of this motion. Under the door of the Chambers?  Yes. Open the door and here's the document. Somebody picks it up and reads it and sees what it is. Assuming somebody picks it up, yes. Assuming it is delivered. Yes. That was my hypothetical. Yes. It was slipped under the door. It was slipped under the door, but we don't know what is going to happen to that piece of paper once it gets under the door. And that is analogous to the e-mail situation. But it doesn't happen to the e-mail either, in your theory.  Correct. The e-mail is that to constitute a filing under the statute, and this impacts the defendant's fundamental rights, to constitute a filing, a certain level of – a certain level of seriousness needs to be taken with a filing. And there are situations in which an attempt to – It wouldn't be by a certain level of seriousness. Well, a filing is – The e-mail – we've got the e-mail through all the electronic whatnot into the judge's chambers, into the chamber's inbox. What more? So then the person who is monitoring that inbox would need to know that they had a filing before them and make sure that it was submitted to the judge. So we need an affidavit from the judge to ensure that there's a filing? No, Your Honor. The obligation is on the government to ensure that they filed their submission. And in the speedy trial context, it's very strict requirements. Dismissal is warranted if something is not filed. And the government took no steps to ensure that it had been received or ruled on. It does seem to me that you're asking us to interpret the statute in a manner that would guarantee preposterous results, that people would be exonerated for having committed horrendous crimes because a law clerk failed to tell the judge that the motion had been made. It really doesn't make any sense whatsoever. I mean, it would be — it seems to me it would be extraordinarily perverse to go out of one's way to interpret the statute that way when it would guarantee preposterous results. But, Your Honor, there has to be a line on what constitutes a filing or not, because there are only certain categories. There may have to be a line, but it doesn't — the line doesn't have to be where you want to draw it. I understood, Your Honor, but I submit that that should be there, because we see what — exactly what happened in this case, was that because of the way that the request was made, it was not received by the judge. There are all kinds of ways in which judges can fail to become aware of or pay attention to a motion that's been made and time will pass. There are all sorts of things that can happen that lead to a motion not being acted on or not being brought to the judge's attention. I mean, a judge — a judge deals with hundreds of motions. There are very large numbers of motions that come in and that have to be administered. And there are all kinds of things that can stand in the way if it's being promptly adjudicated. I don't dispute that, Your Honor. The problem here is that the attempt at a filing was made with a lack of seriousness that meant that it did not get to the judge. And in court filings, there has to be a threshold of procedure that makes its way to the judge. And we submit that an ex parte email to the Magistrate's Chambers does not qualify as the filing. All right. Well, you've reserved three minutes for us. We'll hear from Mr. Pertek. I'm sorry. One more question. I'm not sure you ever answered the question that we put earlier, if the email had been to the judge's personal email. Did you answer that question? Would that be a filing? Or would it be the same as the email to the Chamber's email? I believe that would — under the case law, again, these facts are unprecedented. Under the case law, because an oral application to the judge does count as a filing where the judge receives the application in real time, yes, I think an email to the judge's chambers that the judge confirms receipt for would qualify. I didn't say confirms receipt for it. I said an email to the judge's chamber, to the judge's personal email.  I think it is — I think it is more likely to qualify as a filing, Your Honor. Thank you. All right. Thank you. Mr. Burkett. Good morning, Your Honors, and may it please the Court. My name is Ben Burkett, and I represent the government in this appeal. I also represented the government in the district court proceedings in this case. So — And it was you who made the ex parte filing? Yes, Your Honor, though I took some issue with the characterization of that filing as an ex parte one. Tell me how you may take issue with it. So we have a case here where the government was very much aware of the preliminary hearing scheduled in this case and the indictment deadline in this case. And a week in advance of the first of those deadlines, the preliminary hearing deadline, reaches out to defense counsel and asks, what are we going to do? The parties agree. They'd like to engage in discussions pre-indictment of a resolution. And so the defense consents to an adjournment of the indictment deadline. And so while it is true that the e-mail that went to the magistrate judge's chambers and to the magistrate judge's deputy did not copy defense counsel — The indictment didn't copy defense counsel? That was consistent with the practices of the Court at the time, Your Honor. Those things — Practices of who? Your Honor, consistent with the practices of both the U.S. Attorney's Office and the way in which the Court had elected to receive this process, the government at the time was submitting it by e-mail. It would then be docketed on the docket in the case. Well, I mean, I remember it used to be there would be a calendar call and an assistant would stand up with Betty Milano next to them and would say the government requests that the preliminary hearing be adjourned for two weeks. Plea discussions continue. That's right, Your Honor. My understanding is this — The defense lawyer wouldn't be in the room for that. That's right, Your Honor. My understanding is this process has developed over time. There was a period where these were submitted in paper. The mode at the time of the events in this case was by e-mail. But I raise the issue to note that defense counsel at the time intended for this application to be made. I understand that. But, you know, that's — when the government or anybody else represents to a court that one's opposing counsel has agreed to all this, that is all the more reason, it's just as much reason to give notice to the opposing counsel who then is in a position to say, if it's true, wait a minute, you misunderstood me. I didn't agree to what you said. We had a misunderstanding. I agreed to something a little bit different, and you've changed it. I just don't understand where there's any justification for not having cc'd opposing counsel. I understood, Your Honor. The fact of the matter in response to that point, though, is that pursuant to this Court's decision in Lewis, a communication being ex parte does not take away that communication status as a motion. So are you telling Judge LaValle that in connection with the decision to do this ex parte, you did some research, you read that case? No, Your Honor. That's not the case. You did your research. Prior to submitting the application, no, Your Honor. What was in your mind? What were you thinking? That this was in keeping with the practices of the Court at the time. This is Docket 28. In keeping with the Court? What Court? The Southern District of New York, Your Honor. And I'll — The Southern District of New York had a procedure that told you you shouldn't notify, you shouldn't copy adverse counsel when you make a motion to the Court. That is my understanding of what the practices of the Court were at the time. And I'll note those practices — Where did you get that understanding from? Your Honor, I believe that wouldn't be in the record here on this field, but my colleagues at the U.S. Attorney's Office is the answer to that question. And so — Are they still doing that? I believe the practice has been changed. Now these things are filed publicly on the docket. Again, that's not part of the record in this case. But my understanding is it's been changed. But I must come back to the fact that even if this is an ex parte submission, that it is one that tolls the clock. I understand that. Those are different questions. They are, yes, Your Honor. We are focusing in these questions on something that may really have no relevance to the disposition of this appeal, but it just seems to me to be a totally unjustified practice on the part of the United States Attorney to make motions without copying the defense counsel. All you have to do is add a CC line. On the CC line, send a copy of the e-mail to defense counsel. I appreciate the point, Your Honor, and it's well taken. It is our position that it's not relevant to the determination in this case, those other aspects as they may be. So why did you move to what is relevant? So there's really three. Well, what is relevant is the fact that this is a motion that Judge Torres found was submitted to the court. The defense, Golston, wants this court to set that aside on three bases. One is what Golston characterizes as the ex parte nature, what we've been discussing. Another is that this was submitted by e-mail. And the last is an argument that's really a factual one, that this went to the wrong e-mail address. And this concerns Golston's reference to that e-mail at page 83 of the appendix here about the judge's law clerk's handling process. The wrong e-mail address, in what sense do you mean? So that's what Golston puts forth in briefing, that this went to the wrong e-mail address because the judge is in Golston's. It should have been which? Excuse me, Your Honor? Wrong in what sense? It is an argument from Golston. I believe that he's saying — When I just asked the counsel at the — just at the end of her argument, she agreed that it would have — I think she agreed that it would have been deemed a filed e-mail if it had been sent to the judge's e-mail — personal e-mail address as opposed to the chamber's e-mail address. That's right, Your Honor. I'm not sure what Judge Torres would have made of that argument below. I do know that what she made of her — and this is a district court judge familiar with the practices that we're discussing with — was that this was a motion that was submitted to the court. And that's all that's needed for this to effectively toll the clock until the date of Golston's indictment. The other arguments advanced by Golston are not sufficient to undo this application's status as a motion. This idea that it was sent to the wrong e-mail address simply isn't supported by the record. I think what Golston is asking this Court to adopt is essentially a fact-finding inquiry that might involve testimony from the judge or the judge's law clerks or the judge's deputy as to what happened. But all of the arguments that Golston raises here — Well, under what scenario do you have in mind that that would be appropriate or helpful? So one where the record is — I'm not saying that necessarily ever would be. I'm trying to imagine one. I'm saying that's what Golston is advocating for, is this fact-finding mission that I don't think the Speedy Trial Act requires. All it requires is that a submission that requests relief be made to the court. There's no real dispute that this was a request for relief. There's no real dispute that the timing was sufficient, if it was indeed a pretrial motion for purposes of the Act, to get the government to that indictment deadline. And that's what happened here. Hearing no further questions from the Court. I assume it's the case — I left the district court before the Internet age arrived, but I assume it's the case today in the district court, as it is in the court of appeals, that when an e-mail is sent to the chamber's address, the judge has just as much access to that as the judge has to the judge's personal e-mail. The judge probably doesn't look as assiduously at everything that comes to the chamber's e-mail as to the personal e-mail, but the judge has the access on the judge's computer to the e-mails that come to the chamber's e-mail address. So I do think, based on my experience, that that is the case. I don't think there was development of that factual issue in the district court here, and I'm mindful of that, but pragmatically, yes, I do think that is the case. That's just as good as the paper copy of the motion slipped under the door or hand-delivered to chambers. It's enough to toll the clock. So with that, I'm content to rest on the briefing unless there are further questions. Okay. Thank you, Mr. Burkett. Ms. Wall-Wolf, you have three minutes for rebuttal. Thank you. So I'd just like to address a few points. So first of all, Mr. Golsan is not advancing a factual argument. The facts are not in dispute. This is a legal question about what the statute requires and whether this counts as a filing under the law. So what's your best case to suggest that this is not a filing? Simply because this Court cannot countenance procedures like this where only the government knows that a motion has been rejected. It can't possibly be rejected. It wasn't rejected. Yeah. I mean, it seems to me that a concern might be that if the government is making these kinds of ex parte requests without telling the defense counsel, the defense counsel then may not have consented to putting off the preliminary hearing or the time in which to indict. But if the date comes for those things and there is an preliminary hearing and there is an indictment, then defense counsel will know, hey, there's a speedy trial violation. But you're not saying there was any notice problem here. You knew. You consented to the government making this motion on behalf of both parties, right? Well, that goes back to whether or not it was filed, Your Honor, because the clock did run. Well, is there some question as to whether or not this motion, which you're not disputing it's a motion, that this motion was filed with the consent of the defense? That's correct, Your Honor. It was. But that does not affect whether it was properly filed. And the practice, as my adversary brought up, of sending ex parte emails to the Chamber's address cannot be the practice. And they've subsequently changed it, as they've, as counsel has stated. No, I think what he suggested was that maybe now it's C.C. defense counsel, which is fine. But it's not, I don't think there's any suggestion that it's not being done by email. But, I mean, I guess the question is, would that make any difference? So if it's an email to the Chamber's address, but now it's C.C.'s defense counsel, that would make it a filing? No, Your Honor, it would not make it a filing, because it can still fall through the cracks if it's never submitted to a judge for whatever reason, as happened here. A filing can fall through the cracks. Every type of hypothetical that you can imagine can fall through the cracks. Correct, Your Honor. But that's why the rules have higher standards for filings than they do for correspondence. And to find otherwise would define, would be to find that the magistrate judge's procedures don't matter, that notice doesn't matter. And this is the edge case where this type of practice is simply insufficient to constitute a filing under the Speedy Trial Act. I don't understand that. Why isn't the Arncliffe presumption anything that is filed in my chambers is presumed to get my attention? That's exactly right, Your Honor. Anything that's filed in your chambers. The issue here is a technical one about email. There are electronic technical errors with email. It's put through the mail slot. Motion papers that are dropped through the bottom of the mail slot. Right. And that would be a hard copy. That would be the hard copy hypothetical that we've discussed. And the cases I've found do count. That's the only count. I'm sorry. Slipped under the door, as Judge LaValle said, put through the mail slot. So it slipped under the door. Again, that is an unprecedented situation. But that can be missed. That envelope can be missed. So are you going to depose my chamber staff on what happened to the document after they picked it up one morning? I think that what should have happened here is the government should have noticed. So it's different depending whether there's a slot for mail or whether there's a space under the door that you can push the thing into. I think if someone complied with the hard copy delivery procedures of chambers, that's different from slipping something under the door. But, I mean, such a rigid rule of filing is potentially going to hurt pro se litigants. It's going to hurt defendants. It's going to hurt people who you might not want to be hurting. Are you saying we should have one rule for the government and a different rule for everybody else with respect to filing? No, Your Honor, I'm not. I'm saying that for something. A lot of our case law is really basically saying it can be informal so that we can basically consider things filed informally by pro se litigants in other contexts. This is not about formality. This is about whether it made its way to the judge. And the government should have taken steps to ensure that it did. And when it did not receive a continuance order before the clock expired, it should have followed up. It did not do that. And because defense counsel was not copied, defense counsel didn't have the opportunity to file up. I mean, the rule allows for 30 days for the court to keep it under advisement. Only if it's filed. All right. But you're saying they should have presumed it wasn't filed because they didn't hear from the court before the preliminary injunction? The preliminary hearing date? Yes. The government has an obligation to make sure that the Speedy Trial Act is complied with. It is a strict statute and dismissal is mandatory. Did you and your clients show up for a preliminary hearing that you thought was going to be taking place? No, Your Honor. I was not in the case yet, but the preliminary hearing was canceled. Well, I mean, it was canceled without a ruling from the court, right? That's correct. And therefore, the government should have followed up to make sure there was a continuance order. Those are two separate things. The preliminary hearing and the continuance order are two separate inquiries. All right. Well, we will reserve decision, but thank you both. Thank you. That concludes the argument summit.